Michael J. Bradford, *pro hac vice*
MBradford@Luedeka.com
Andrew S. Neely, *pro hac vice*
ANeely@Luedeka.com
LUEDEKA NEELY GROUP, P.C.
P.O. Box 1871
Knoxville, TN 37901-1871
Telephone: (865) 546-4305
Telefax: (865) 523-4478

Peter S. Veregge, Esq., No. 155,769
*peter@cislo.com*
CISLO & THOMAS LLP
12100 Wilshire Boulevard, Suite 1700
Los Angeles, CA 90025
Telephone: (310) 451-0647
Telefax: (310) 394-4477

Attorneys for Plaintiff,
ALLFASTENERS USA, LLC

Jen-Feng Lee, Esq.
Jflee@ltpacificlaw.com
Kennth K. Tanji, Jr., Esq.
ktanji@ltpacificlaw.com
LT PACIFIC LAW GROUP LLP
17800 Castleton Street, #560
City of Industry, CA  91748
Telephone: 626-810-7200
Telefax: 626-810-7300

Robert W. McIntyre, Esq.
rmcintyre@dhplaw.com
Thomas A. Barni, Esq.
tbarni@dhplaw.com
DINN, HOCHMAN & POTTER, LLC
5910 Landerbrook Drive, Suite 200
Mayfield Heights, OH  44124
Telephone: 440-446-1100
Telefax: 440-446-1240
Attorneys for Defendants

Acme Engineered Fasteners Pty. Ltd;
Ira Svendsgaard and Associates Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLFASTENERS USA, LLC, an Ohio limited liability company,<br><br>      Plaintiff,<br><br>    v.<br><br>ACME OPERATIONS PTY., LTD. d/b/a AJAX ENGINEERED FASTENERS, an Australian corporation; and IRA SVENDSGAARD & ASSOCIATES, a California corporation,<br><br>      Defendants. | Case No.:   2:18-cv-06929 JAK (RAOx)<br><br><br>**JOINT RULE 16(b)/26(f) REPORT** |

Plaintiff Allfasteners USA, LLC ("Plaintiff") and Defendants Acme Operations Pty., Ltd. and Ira Svendsgaard & Associates, Inc. ("Defendants") hereby respectfully submit the following joint report, pursuant to Federal Rules of Civil Procedure 16(b) & 26(f), Local Rule 26-1, and the Court's November 14, 2018 Order.

Defendants respectfully submit that there are substantial and material matters relevant to Defendants' defense and prosecution of their counterclaims herein; which are more extensive than the space nominally allotted herein. These matters are in substantial part, related to certain prior patent infringement litigation between Ajax (Plaintiff) and AllFasteners (Defendant). Therefore the Defendants have set forth these matters in Defendants' Supplement to Legal Issues. This Supplement is submitted *solely by Defendants* and contemporaneously filed herewith and incorporated herein.

## STATEMENT OF THE CASE

Plaintiff filed its Complaint on August 13, 2018.  Plaintiff contends that Defendants have infringed claims 1-6 of U.S. Patent No. 10,018,212 ("the '212 Patent") by selling two products – the ONESIDE TC Hi-Shear and ONESIDE Hi-Shear blind bolt fasteners – that infringe claims 1-3 of the '212 patent and by directing Defendants' customers to use the accused products in methods that infringe claims 4-6 of the '212 patent.

Defendants filed their Answers to Plaintiff's Complaint on November 8, 2018.  In their separate Answers, Defendants' responded in substantial detail to the de-facto generic assertions in the Complaint; and they each asserted numerous affirmative defenses; including those based upon the existence of, but not disclosing the content of a Confidential Settlement between Plaintiff and Defendant Ajax entered into in certain Prior Litigation. The Prior Litigation is also discussed in Defendants' Supplement to Legal Issues.

Defendants also filed separate Counterclaims seeking declaratory judgment of invalidity, unenforceability, and non-infringement of the '212 patent based on inequitable conduct and/or fraud on the Patent Office under 37CFR § 1.56, invalidity under 35USC § 102 and §103; as well as an award pursuant to 35 U.S.C. §285.

Plaintiff filed its Answers to the Counterclaims on December 7, 2018.

Presently, Defendants also contend that there are material threshold factual and legal issues which must be resolved; as further set forth in Defendants' Supplemental Legal Issues.

## SUBJECT MATTER JURISDICTION

This action arises under the patent laws of the United States, 35 U.S.C. §271. This Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1338 (a).

Defendants agree that jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and is proper as well as under 35 USC 285

## LEGAL ISSUES

1. Plaintiff

- Whether Defendants infringe the '212 Patent;

- Whether Plaintiff is entitled to damages from Defendants;

- Whether a permanent injunction should be entered enjoining Defendants from infringing the '212 Patent;

- Whether the Plaintiff is entitled to enhanced costs, damages, and attorneys' fees under 35 U.S.C. § 285.

2. Defendants' Legal Issues; the '212 Patent

o Whether the '212 Patent is invalid and unenforceable because of Plaintiff, the inventors, and patent counsel violated:

o (i) 37 CFR §1.56(c): Duty to Disclose information material to patentability,

o (ii) Section 2001.5; Duty to Disclose Information Material to Patentability;

o (iii) Section 2001.06; Duty to disclose material information from the Prior Litigation and its pendency during the '212 application;

o Whether the Plaintiff obtained the '212 Patent by engaging in fraud before the United States Patent Office;

o Whether the '212 Patent is invalid and unenforceable because the claimed inventions in the '212 Patent are the inventions of the Defendants and/or non-parties known to Plaintiff, the inventors, and patent counsel;

o Whether the '212 Patent is invalid and/or unenforceable by reason that the claims therein are (i) anticipated under 35 U.S.C. § 102 and/or the (ii) absence of novelty under 35 U.S.C. § 103;

o Whether the Defendants actually practice the inventions set forth in the '212 Patent.

- Whether the Defendants are entitled to enhanced costs, damages, and attorneys' fees under 35 U.S.C. § 285 to be assessed against the Plaintiff, the inventors, and/or patent counsel.

- Whether patent counsel can be deposed; and to what extent in this proceeding, with regard to the foregoing matters and their potential liability.

Defendants' Legal Issues: Non-Patent

- Whether the Plaintiff's claims are barred by a Confidential Settlement Agreement entered into in Prior Litigation;

- Whether the Defendants are entitled to initial relief pursuant to Fed. Civ. R. 11;

- Whether the Defendants' proposed modification to the Court's standing protective order should be entered over Plaintiff's objections to permit the use of information from the Prior Litigation, which is presently prohibited by a permanent Protective Order in that matter;

- Whether the case should be stayed (i) during the pendency of any Rule 11 motion practice; and/or the completion of early mediation as jointly requested.

In addition to the nominal recitation of the above matters, Defendants further respectfully submits Defendants' Supplemental Legal Issues.

Each party reserves the right to supplement this list of legal issues.

## PARTIES, EVIDENCE, ETC.

PLAINTIFF

A. Parties

Plaintiff is an Ohio corporation with a place of business in Santa Fe Springs, California. Plaintiff is the assignee of all of the rights to the '212 Patent from the inventors of the '212 Patent, including but not limited to the right to sue and the right to defend. Plaintiff is the only authorized seller of products incorporating the technology of the '212 Patent.

B. List of Plaintiff's Witnesses

Plaintiff contemplates calling as witnesses the inventors of the '212 Patent, Michael Strange and Bruce Carmichael.  Plaintiff also contemplates calling corporate representatives of Defendants.  Plaintiff also contemplates potentially calling a corporate representative of Crown Castle of Canonsburg, Pennsylvania.

Depending on the positions taken by Defendants in the case, Plaintiff contemplates calling an expert witness regarding the infringement of the '212 Patent by products sold by Defendant and/or the validity of the '212 Patent. Plaintiff may also call an expert witness on damages. Plaintiff has not named such experts at this time.

Plaintiff reserves the right to supplement and modify this list of witnesses after further case development and discovery.

C.  Plaintiff's Documents

Plaintiff's evidence includes the '212 Patent, examples of the infringing products sold by Defendant and documents showing the infringing products, Defendants' instructions for using the infringing products, documents showing the sales of products by Defendants that infringe on claims of the '212 Patent and Defendants' revenue/profit therefrom, examples of Plaintiff's products incorporating the technology of the '212 Patent, and documents showing Plaintiff's lost profits due to Defendants sales of infringing products.  Plaintiff reserves the right to supplement and modify this list of documents after further case development and discovery.

D.  Subsidiaries, Parents and Affiliates

Plaintiff is affiliated with Allfasteners USA, LLC, a California limited liability company, and Allfasteners Midwest, LLC, a Nebraska limited liability company.

DEFENDANT

A.    Parties

1. Defendant Acme Operations Pty. Ltd. is an Australian corporation with its sole and principal place of business in Melbourne, Australia.

2. Defendant Ira Svendsgaard and Associates Inc. is a California Corporation with its principal place of business in Placerville, California.

B.    List of Defendants' Witnesses

The Defendants have identified and disclosed pursuant to Fed. Civ. R. 26; 17 witnesses who are known to have material information relevant to the proceedings; which include 3 Ajax employees, 3 Svendsgaard employees, the 2 named inventors, 3 attorneys involved in the '212 application which were/are employed by Plaintiffs lead counsel's law firm, and 6 non-party witnesses comprised mainly of the Parties' customers and/or vendors.

C.    Defendant's Documents

1. The Defendants have initially identified and disclosed pursuant to Fed. Civ. R. 26, 35 non-confidential documents which Defendants contend establish not only prior art, but also independent inventorship of the claimed invention by Defendants and non-parties.

2. In addition, Defendants have identified and disclosed the six related patent applications noted above made by Plaintiff; at least 8 additional patents, including Defendant Ajax's US Patent No, 7,373,709; and the file histories of the identified patents for the purposes of demonstration of prior art and inequitable conduct.

3. Defendants have also identified, disclosed by identification only, and expect to utilize and/or introduce over 1250  pages of documents and records produced, exchanged, and/or filed in the  Prior Litigation; all of  which are presently subjected to a Protective Order in that matter and cannot be used in this proceeding absent a modification to this Court's standing order; which matters are further set forth in Defendants' Supplement to Legal Issues.

D.    Subsidiaries, Parents and Affiliates

1. Acme Operations Pty. is affiliated with Acme Holdings Pty. Limited by the common ownership of family shareholders.

2. Ira Svendsgaard has no parent or subsidiary but is commercially affiliated with Ajax as its exclusive United States distributor of the OneSide bolting products and systems.

3. Plaintiff Entities

a. Defendants have identified additional multiple corporate entities which claim affiliation with Plaintiff and/or also sell certain of Plaintiff's products which allegedly incorporate the patented inventions: (i) Allfasteners Financial LLC (Ohio), (ii) AllFastners LA LLC (California) (iii) AllFastners Midwest LLC (Nebraska), (iv) AllFastners USA LLC (California) and (v) AllFasteners Pty. Ltd. (Australia).

b. First Merit Bank NA (Ohio) apparently claims a security interest in the '212 Patent through the purported assignee, Plaintiff.

DAMAGES

1. Plaintiff's Damages Position

Plaintiff's present estimate of damages is at least $1,000,000 to date.  However, Plaintiff notes that the '212 Patent recently issued on July 10, 2018.  Accordingly, damages to date are relatively limited.  Defendants continue to sell infringing products and Plaintiff expects that damages will have increased substantially by the date of trial.

2. Defendants' Damages Position

Defendants' assert that even presuming that infringement, validity, and enforceability can be established; which Defendants unconditionally dispute; for the purpose of this Report, Defendants submit the following:

a. Plaintiff's damages are limited to the value of a single component of the allegedly infringing device which is set forth in a single discrete sentence in Claim 1 of the '212 patent (Column 12, Lines 9-10; and as 'spring 62' in the drawings and description.

b.  This single component, an unattached light gauge steel coil spring, is the only part of the allegedly infringing device which is not already set forth in the Defendant Ajax's 2008 7,373,709 patent.

c.  The value of the subject steel spring is known to be approximately $0.062-$0.11 per device; therefore Defendant contends that Plaintiff's monetary claims cannot be

reasonably expected to be more than $50,000.00 over the remaining 19+ year life of the patent.

d.  Defendants intend to immediately seek damages and sanctions for it costs of defense in excess of $250,000.00 as incurred to date pursuant to Fed. Civ.R.11 by providing Plaintiff with a notice pursuant to Paragraph (c) (2) of the Rule by no later than January 9, 2019.

e.  The foregoing is also set forth in relevant parts of <u>Defendants' Supplement to Legal Issues.</u>

INSURANCE

The parties are unaware of any insurance coverage applicable to the claims in this case.

MOTIONS

The parties do not intend to file a motion to transfer venue.

Plaintiff does not presently anticipate filing any motions to add parties or amend their pleadings, although Plaintiff reserves the right to make such motions should discoverable evidence warrant such motions.

Defendants assert the same reservations.

1. Defendants Initial Motions and Submittals

a. January 9, 2019; Defendants Motion to Modify Protective Order;

b. January 9, 2019, Defendants' 'Non-Motion Request for In-Person Case Management Conference;

c. January 9, 2019; Defendants' Fed. Civ. R. 11 Paragraph 2 (c) safe harbor communication to Plaintiff;

d. January 16, 2019 Defendants' Motion to Stay pending earliest ADR Procedure No. 1 under Local Rule 16-15.4; (ex. Defendants' Invalidity and Unenforceability Contentions [due January 25, 2019]);

e. January 23, 2019 and/or TBD; Defendants' Fed. Civ. R. 11 Motion for Dismissal and Sanctions;

f. January 23, 2019; Defendants Motion to Stay pending the adjudication of Defendants' Fed. Civ. R. 11 Motion;

g. The foregoing is also set forth in relevant parts of <u>Defendants' Supplement to Legal Issues.</u>

MANUAL FOR COMPLEX LITIGATION

While the Patent section of the Manual for Complex Litigation provides some helpful suggestions for patent cases, the parties concur that this case should not be governed by the procedures therein, and further believe that this Court's Standing Patent Rules are sufficient to govern this case.

STATUS OF DISCOVERY

Plaintiff served its Infringement Contentions pursuant to the Standing Patent Rules for cases assigned to Judge John A. Kronstadt ("S.P.R.") 2.1 and 2.2 on December 6, 2018.

The parties exchanged Initial Disclosures pursuant to FRCP Rule 26(a) on December 18, 2018.

Plaintiff served Requests for Production of Documents and Interrogatories on both Defendants on December 28, 2018.

Defendants will serve their Initial Invalidity and Unenforceability Contentions on January 25, 2019; however due to the Protective Order in the Prior Litigation, said Contentions could be required to be filed In Camera.

DISCOVERY PLAN

<u>PLAINTIFF</u>:

Plaintiff has propounded a first round of written discovery, consisting of interrogatories and requests for production of documents. Plaintiff anticipates taking Rule 30(b) (6) depositions of both Defendants' corporate representatives. Plaintiff also anticipates taking depositions of Defendants' employees Samman Fernando, Justin Murphy, and Peter Svendsgaard. Plaintiff may also take a deposition of a one or more representatives of Crown Castle. Plaintiff may take further depositions based upon discovery responses from Defendant. Plaintiff may propound additional written discovery

based upon Defendants' responses to Plaintiff's previous discovery requests, as allowed under the FRCP.  Plaintiff does not believe any of the FRCP's limitations on discovery need to be changed.

DEFENDANT:

a. Defendants nominally anticipate prompt service of written discovery upon Plaintiff as Interrogatories, Requests for Production of Documents, and Requests for Admissions by no later than January 20, 2019.

b. Defendants also intend to initially and promptly depose:

(i) The inventors, Michael Strange and Bruce Carmichael, a corporate representative of Plaintiff, and the three attorneys which represented the Plaintiff and the inventors in applications for the '212 and '478 patents and the six related applications;

(ii) The Records Custodians of the Plaintiff and the Luedeka Neely law firm;

(iii)  At least six identified and disclosed non-party witnesses and four non-party records custodians with regard to the inventorship and prior art matters raised in the Counterclaim and Affirmative Defenses;

(iv) Defendants may take further depositions based upon discovery responses from Plaintiff, depositions of non-party witnesses, and the outcome of the requested modification of the Protective Order;

(v) Defendants may propound additional written discovery to Plaintiff based upon Plaintiff's responses to Defendants previous discovery requests, individual and records depositions of non-party witnesses; and the outcome of the modification of the Protective Order; as allowed under the FRCP;

(vi) Defendants do not presently believe any of the FRCP's limitations on discovery need to be changed but reserve their right to seek relief therefrom in the future.

## DISCOVERY CUT-OFF

The parties propose a discovery cut-off of September 30, 2019.

## EXPERT DISCOVERY

The parties propose to follow the schedule set forth in S.P.R. §§ 4.1 – 4.3, on the dates set forth in Exhibit A attached hereto.

## DISPOSITIVE MOTIONS

The parties propose a deadline of October 28, 2019, for filing general dispositive motions.

1. Plaintiff anticipates filing a motion for summary judgment on the issue of infringement of the '212 Patent and possibly on the issue of validity of the '212 Patent.

2. Defendants anticipate filing a motion for summary judgment on the issue of non-infringement of the '212 Patent and invalidity and non-enforceability of the '212 Patent on or before the end of fact discovery.

3. Defendants also anticipate filing a Motion to Dismiss and for Sanctions within 21 days of January 9, 2019, unless Plaintiff agrees to Defendants demands which will be set forth in their Fed, Civ. R. 11; Rule 2(c) communication of that date.

## SETTLEMENT

The parties have had brief discussions regarding settlement of the instant matter. The Parties agree to ADR Procedure No. 1 under Local Rule 16-15.4.

Defendants believe the earliest possible ADR Procedure No. 1 would be the most productive and cost effective.

Plaintiff believes the parties should first engage in initial discovery such that Plaintiff may better understand the basis of Defendants' defenses and review Defendants' alleged evidence in support of such defenses, which Defendants have to date refused to disclose.

Defendants disagree and state that the Plaintiff's requests for 'evidence' cannot be responded to without violation of the Protective Order in the Prior Litigation

Defendants further reiterate that early ADR can be undertaken as soon as the modification of the Standing Order in this case is resolved.

The foregoing is also set forth in relevant parts of <u>Defendants' Supplement to Legal Issues</u>

TRIAL ESTIMATE

The parties estimate that the trial will take ten (10) days.

TRIAL COUNSEL

For Plaintiff, this case will be tried by Michael J. Bradford, Andrew S. Neely, and Peter S. Veregge.

For Defendants, this case will be tried by Robert W. McIntyre, and Thomas A. Barni.

INDEPENDENT EXPERT OR MASTER

The parties do not believe an independent expert or master will be necessary.

OTHER ISSUES

1. Patent Protective Order

Judge Kronstadt's Standing Protective Order for Patent Cases was entered in this case on August 29, 2018.  Doc. 24, Exh. E.

a. Plaintiff does not believe any modifications to the Protective Order are necessary.

b. Defendant has stated and will move the Court to nominally modify the Standing Protective Order to permit the Parties' use of all materials presently subject to the Protective Order in the Prior Litigation.

c. Defendants anticipate taking the depositions of the Records Custodian of the Plaintiff's law firm and the three attorneys who represented Plaintiff and the inventors in the application for the '212 patent, the '478 patent and six related applications. Defendant anticipates motion practice in regards to privilege and fraud exceptions.

d. Fed. Civ. R. 11; as noted herein Defendants anticipate commencing Rule 11 proceedings on January 9, 2019 with the transmittal of 'safe harbor' communications to Plaintiff and its lead counsel's firm.

e. Material deficiencies exist in the Plaintiff's Complaint and in its Infringement Contentions; the latter of which Defendants' have requested supplementation but which has been declined. Defendants anticipate motion practice to compel appropriate submissions.

f. Record Preservation communications have been sent to Plaintiff's trial and local counsel regarding Plaintiff's records; and separately to Plaintiff's counsel regarding the law firm's records regarding patent office representation. There have been no written responses.

g. The foregoing is also set forth in relevant parts of <u>Defendants' Supplement to Legal Issues</u>

CLAIM CONSTRUCTION

1. Plaintiff

In accordance with the proposed schedule attached as Exhibit A, the Plaintiff proposes a deadline of February 22, 2019, for the exchange of claim constructions and a deadline of March 29, 2019, to file a Joint Claim Construction Statement with the Court. The Plaintiff proposes a deadline of April 5, 2019, to file initial claim construction briefs, with responsive claim construction briefs due by April 19, 2019.  The Plaintiff proposes a claim construction hearing on May 10, 2019.

2. Defendants

The Defendants do not agree to the Plaintiff's proposed schedule for the reasons that:

a. Claims construction proceedings are not immediately required and are premature:

(i) Until the Protective Order issues are resolved to permit information from the Prior Litigation to be utilized; including the claims construction submitted by Plaintiff in the Prior Litigation; to avoid the Defendants being materially prejudiced by the absence of such information;

(ii) Until the threshold issues of invalidity, unenforceability, and inequitable conduct are determined which are expected to dispositive, and will therefore eliminate the need for claims construction;

(iii) Until the Fed. Civ R. 11 proceedings are completed which could be dispositive with regard to the entire matter;

(iv) Until at least the initial discovery noted above is completed and most particularly, the claims construction, non-infringement, and invalidity submissions by Plaintiff as Defendant in the Prior Litigation are available.

b. The foregoing is also set forth in relevant parts of <u>Defendants' Supplement to Legal Issues.</u>

In summary, the Defendants' position is that claims construction is premature and a waste of resources in the context of dispositive matters that have a potential to determine the entire matter; or at the least, put the parties on an even playing field with regards to Plaintiff's consistency and representations regarding this matter and the Prior Litigation.

MAGISTRATE JUDGE

The parties do not consent to having a Magistrate Judge preside over the entire case.

PROPOSED TRIAL DATE

The parties propose the pre-trial dates and trial date in the attached schedule A.

Dated:  January 4, 2019              LUEDEKA NEELY GROUP, P.C.


                                     /s/Michael J. Bradford
                                     Michael J. Bradford

                                     Attorneys for Plaintiff

Dated:  January 4, 2019              DINN, HOCHMAN & POTTER, LLC


                                     /s/Robert W. McIntyre
                                     Robert W. McIntyre

                                     Attorneys for Defendants

# PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Knox, and not a party to the above-entitled action.  My business address is 900 S. Gay Street, Suite 1504, Knoxville, Tennessee 37902.

On January 4, 2019, I served:

**Joint Rule 16(b)/26(f) Report**

to be sent by ECF electronic mail to the following:

Jen-Feng Lee, Esq.
Jflee@ltpacificlaw.com
Kenneth K. Tanji, Jr., Esq.
ktanji@ltpacificlaw.com
LT PACIFIC LAW GROUP LLP
17800 Castleton Street, #560
City of Industry, CA  91748
Telephone: 626-810-7200
Telefax: 626-810-7300

Robert W. McIntyre, Esq.
rmcintyre@dhplaw.com
Thomas A. Barni, Esq.
tbarni@dhplaw.com
DINN, HOCHMAN & POTTER, LLC
5910 Landerbrook Drive, Suite 200
Mayfield Heights, OH  44124
Telephone: 440-446-1100
Telefax: 440-446-1240

I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am an attorney of record for the defendant in this case.

Executed on January 4, 2019, at Knoxville, Tennessee.

/s/ Michael J. Bradford
Michael J. Bradford